IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LLOYD JAMES BURROWS, JR.,**

                **Plaintiff,**

                                            CIVIL ACTION
      vs.                                        No. 00-3333-GTV

**CHEROKEE COUNTY SHERIFF'S
OFFICERS, et al.,**

                **Defendants.**

### ORDER

Plaintiff, a prisoner incarcerated in El Dorado Correctional Facility in El Dorado, Kansas, proceeds pro se on a complaint filed under 42 U.S.C. 1983.

Plaintiff seeks damages for the alleged unlawful deprivation of his liberty by Cherokee County sheriff deputies in transporting plaintiff from Missouri to Kansas and holding him in the Cherokee County jail in Columbus, Kansas, for two days. The court initially dismissed plaintiff's complaint as stating no claim for relief against any defendant. The Tenth Circuit Court of Appeals affirmed the dismissal of plaintiff's claim for damages against the Kansas district court judge and prosecutor. However, it reversed and remanded plaintiff's remaining claim for damages against the two Cherokee County deputies, finding the complaint stated a possible claim of plaintiff's illegal arrest outside the Cherokee County officers' jurisdiction, or of a violation of plaintiff's rights under the Interstate Agreement on

Detainers Act (IADA) (K.S.A. 22-4401 *et seq.*),[1] or the Uniform Criminal Extradition Act (K.S.A. 22-2701 *et seq.*).

This court then ordered a Martinez report and a response to the complaint. Before the court is plaintiff's motion for judgment (Doc. 25) which the court treats as a motion for summary judgment, see Fed.R.Civ.P. 56. Also before the court is defendants' cross motion for summary judgment (Doc. 28).

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The nonmoving party may not rely upon mere allegations or denials contained in its pleadings or briefs, but must come forward with specific facts showing the presence of a genuine issue for trial. Abercrombie v. City of Catoosa, Okl., 896 F.2d 1228, 1230 (10th Cir. 1990); Clifton v. Craig, 924 F.2d 182, 183 (10th Cir.), *cert. denied*, 502 U.S. 827 (1991). A fact is "material" only if its resolution will affect the outcome of the lawsuit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

In applying this standard, the evidence and all reasonable

---

[1] A similar act, the Uniform Mandatory Disposition of Detainers Act (K.S.A. 22-4301 et seq.), applies to persons incarcerated in Kansas with pending Kansas charges.

inferences to be drawn therefrom are viewed in the light most favorable to the party opposing summary judgment." Martin v. Kansas, 190 F.3d 1120, 1129 (10th Cir. 1999), overruled on other grounds, Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356 (2001). The parties' filing of cross-motions for summary judgment does not change this standard of review. Taft Broadcasting Co. v. U.S., 929 F.2d 240, 249 (6th Cir. 1991). When faced with cross motions for summary judgment, the court "[is] entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts." James Barlow Family Ltd. Partnership v. David M. Munson, Inc., 132 F.3d 1316, 1319 (10th Cir. 1997), cert. denied 523 U.S. 1048 (1998); see also Buell Cabinet Co. v. Sudduth, 608 F.2d 431, 433 (10th Cir. 1979)("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

There is no material factual dispute in this case. The parties essentially agree on following relevant facts.

Plaintiff was convicted in Kansas in Labette County case 91-CR-92 and Crawford County case 91-CR-108. On the aggregated sentence resulting from these two cases, plaintiff was released on parole on June 28, 1996.[2] On August 6, 1996, he was arrested

---

[2]Relevant to plaintiff's claims in this action, the Certificate of Parole signed by plaintiff was conditioned in part on plaintiff's agreement to obey all laws. The signed certificate further recognized that plaintiff's violation of this

in Missouri and later convicted of robbery for which a three year sentence was imposed.

While plaintiff was incarcerated in Missouri, an outstanding felony warrant issued in Cherokee County case 96-CR-291 was lodged as a detainer. These charges were dismissed with prejudice, pursuant to the IADA, when Cherokee County failed to bring him to trial within 180 days.[3]

Also while plaintiff was incarcerated in Missouri, the Kansas Department of Corrections (KDOC) issued a warrant (No. 97-0208) for plaintiff's arrest for violation of the conditions of his release on parole in the aggregated 1991 sentences,[4] and supplied Missouri officials with a copy of the parole violation warrant. Missouri officials acknowledged receipt of this warrant for the retaking and returning of petitioner to KDOC custody, and lodged

---

or any other condition of his parole could result in him being "retaken on a warrant issued by the Secretary of Corrections and reimprisoned" pending the Kansas Parole Board's determination of whether parole should be revoked, and contained plaintiff's agreement that if he left Kansas without permission he "[would] not contest any effort to be returned." See Martinez Report, Doc. 24, Exhibit A.

[3]While in Cherokee County, plaintiff escaped from custody, resulting in plaintiff entering a guilty plea in Cherokee County case 97-CR-124 to charges of aggravated escape, burglary, and criminal damage to property.

[4]Plaintiff references the KDOC warrant in his complaint. Information now available in the record identifies this warrant as a parole violation warrant.

the warrant as a detainer[5] on petitioner's release without prior notice to KDOC authorities.

Missouri granted plaintiff conditional release in his Missouri sentence on September 19, 1998. On that date two Cherokee detectives, showing an order to transport issued by the Cherokee County District Court in 96-CR-291 on September 17, 1998, picked up plaintiff and transported him to the Cherokee County jail.

The day before plaintiff's conditional release in Missouri, KDOC faxed a notice to Missouri authorities, indicating Cherokee County Sheriff officers acting as agents of KDOC would be picking up plaintiff and returning him to Kansas on the parole violation warrant (No. 97-0208).[6]

---

[5] A detainer allows authorities in one state to "hold" a person for another state, and can arise either by notice to authorities in the other state that a person is subject to pending charges in separate matter for which a request for speedy trial can be made, or by notice that a person being sought is in the other state's jurisdiction or custody.

Contrary to plaintiff's assertions, the lodging of a parole violation warrant as a detainer does not constitute execution of the warrant. See e.g. McConnell v. Martin, 896 F.2d 441, 446 (10th Cir.), cert. denied 498 U.S. 861 (1990).

Nor is a parole violation warrant lodged as a detainer subject to the rights and obligation of the IADA. See McDonald v. New Mexico Parole Board, 955 F.2d 631 (10th Cir. 1991)(IADA applies only to detainers lodged on untried criminal charges, and has no application to detainers based upon revocation of probation or parole)(citing Carchman v. Nash, 473 U.S. 716 (1985)), cert. denied 504 U.S. 920 (1992).

[6] The content of the KDOC fax reads:
> Lloyd Burrows will be picked up on 9-19-98 by officer(s) of the Cherokee County Sheriff. The Cherokee Co. Sheriff's officer(s) will be acting as

On September 21, 1998, petitioner was transported from the Cherokee County jail to a KDOC facility. His confinement in the Cherokee County jail on September 19th and 20th was credited as service on his aggregate 1991 sentence.

On these uncontested facts, plaintiff points to the Cherokee County District Court order for transport issued in 96-CR-261, and argues he was illegally arrested and confined on charges that had been dismissed with prejudice. Defendants point to the KDOC warrant lodged as a detainer and to the KDOC fax to Missouri officials, and argue plaintiff was lawfully arrested, transported, and detained in the Cherokee County jail pursuant to the outstanding parole violation warrant (No. 97-0208). In response, petitioner contends no proper court order was issued to effect his arrest and transport on the parole violation warrant, and argues the erroneous Cherokee County District Court order thus stands as the only valid but illegal authority for his removal to Kansas. The court finds no merit to this contention.

To the extent plaintiff's claim for damages rests on a violation of his rights under the Uniform Criminal Extradition

---

agents of the Kansas Department of Corrections to effect Burrows return to Kansas on the parole violation warrant and on a judgment and commitment to the Kansas Department of Corrections which have previously occurred in Cherokee County. Burrows waived extradition from any state when he originally signed his parole certificate.
Martinez report (Doc. 24) Exhibit F, p.3.

Act,[7] plaintiff voluntarily waived these protections by accepting parole that was conditioned in part on such a waiver.[8]  The failure to follow the procedures in the uniform act does not subject defendants to liability for damages under 42 U.S.C. 1983 where the plaintiff signed a pre-release waiver of extradition rights.  See Scull v. New Mexico, 236 F.3d 588, 596 (10th Cir. 2000)(no constitutional or statutory right to specific extradition procedures where plaintiff signed waiver of extradition as condition of parole).  See also Feathers v. Detrick, 336 S.E.2d 922 (W.Va. 1985)(Uniform Criminal Extradition Act requires no judicial determination by demanding state of probable cause to authorize extradition of parole violator from asylum state); Ex parte Johnson, 610 S.W.2d 757 (Tex.Cr.App. 1981)(formal extradition proceedings not necessary to return parole absconder who signed a valid waiver of extradition as a condition of parole, even where parolee not in asylum state pursuant to Uniform Act for Out-of-State Parole Supervision).

---

[7]The extradition clause in the United States Constitution provides:
> "A person charge in any State with Treason, Felony, or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."
> Article IV, s 2, cl. 2

See also, 18 U.S.C. 3182 (federal statute providing framework for execution of extradition clause); Uniform Criminal Extradition Act (setting forth extradition procedures).

[8]Plaintiff does not challenge the validity of this waiver.

Also, to the extent plaintiff seeks damages for an alleged illegal arrest, the KDOC parole violation warrant lodged against plaintiff in August 1997 clearly authorized the retaking of plaintiff into KDOC custody upon plaintiff's release from Missouri custody. No additional order or warrant was required under Kansas or federal law to effect this warrant.[9] While "[a] warrantless arrest executed outside the arresting officer's jurisdiction is analogous to a warrantless arrest without probable cause," Ross v. Neff, 905 F.2d 1349, 1354 (10th Cir. 1990), the presence of the outstanding KDOC parole violation warrant clearly distinguishes the circumstances in plaintiff's case. Although the Cherokee County officers did not explicitly detail their conduct as authorized by the KDOC parole violation warrant, Missouri officials clearly handed plaintiff over to them in accord with the KDOC warrant and the directions received in the KDOC fax. See also, People v. Quackenbush, 687 P.2d 448 (Colo. 1984)(mistaken characterization by authorities did not unilaterally change extradition proceeding into a detainer action). Plaintiff's attempt to invalidate this basis for his return to Kansas is rejected.

Accordingly, finding no violation of plaintiff's rights under the Constitution or under federal law occurred when Cherokee County officers picked up plaintiff at the Missouri correctional

---

[9] See K.S.A. 22-4104 (authorizing Secretary of Corrections to effect the return of any out-of-state parolee who has violated the terms and conditions of parole).

8

facility and transported plaintiff to the Cherokee County jail where he was confined for two days, the court concludes plaintiff is not entitled to judgment under 42 U.S.C. 1983 as a matter of law.  The court denies plaintiff's motion for summary judgment and grants defendants' cross-motion for summary judgment.

   IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for summary judgment is denied.

   IT IS FURTHER ORDERED that defendants' cross motion for summary judgment is granted, that judgment is entered for defendants, and that all relief sought by plaintiff is denied.

   **IT IS SO ORDERED.**

   Dated at Kansas City, Kansas, this 18th day of May 2005.


                              /s/ G. T. VanBebber
                              G. T. VANBEBBER
                              United States Senior District Judge